ALFREDO RONDÓN, demandante, *v.* JUAN BASABE, demandado. THE AETNA CASUALTY & SURETY COMPANY, peticionaria y apelante, *v.* ALFREDO RONDÓN, opositor y apelado.

No. 4593.—*Sometido:* Mayo 3, 1929. *Resuelto:* Mayo 31, 1930.

*Hartzell, Kelley & Hartzell y R. O. Fernández,* abogados de la apelante; *M. Olmedo,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este es un pleito seguido por Alfredo Rondón contra Juan Basabe en reclamación de daños y perjuicios. El demandado compareció por medio de los abogados Hartzell, Kelley & Hartzell y suscitó varias cuestiones previas. Finalmente contestó. En el día señalado para el juicio ocurrió el incidente que sigue: copiamos de la relación del caso y opinión de la corte sentenciadora:

"El día 6 de diciembre, a la hora señalada, fué llamado el caso para vista estando presentes en el salón de sesiones de la Corte, el Abogado Sr. Olmedo, en representación del demandante, y los Abogados Sres. Kelley y Fernández, de la firma 'Hartzell, Kelley & Hartzell,' abogados de record del demandado. Dichos abogados de

record del demandado, al empezar la vista, manifestaron que se retiraban, y efectivamente se retiraron de la Corte, alegando que el demandado Juan Basabe no había cooperado con ellos en la preparación de la defensa en este caso, y por tanto, no estaban en condiciones de defenderlo. El demandado Juan Basabe no compareció personalmente.''

Celebrado el juicio, la corte dictó sentencia favorable al demandante, y éste, una vez quedó firme, solicitó que para hacerla efectiva se embargara cierta cantidad que The Aetna Casualty & Surety Company, que según él era la aseguradora del demandado, tenía en poder del Tesorero de Puerto Rico. Se decretó el embargo y la compañía por medio de sus abogados Hartzell, Kelley & Hartzell pidió su nulidad. La corte no la decretó y la compañía interpuso el presente recurso de apelación señalando en su alegato la comisión de doce errores.

El caso ha sido discutido amplia y detalladamente en el seno del tribunal, habiéndose llegado finalmente a la unánime conclusión de que la orden de embargo debe ser revocada.

No hay prueba suficiente que demuestre que The Aetna tenga responsabilidad alguna para con el demandante. La sentencia se dictó contra Basabe y ni siquiera se probó por prueba fehaciente que The Aetna fuera la aseguradora de Basabe. Y aunque se hubiera probado tal extremo, no habiéndose introducido como evidencia la póliza, sus cláusulas no serían conocidas. Tampoco se alegó el cumplimiento de esas cláusulas por parte de Basabe.

Parece que el demandante descansó en el Reglamento de la Comisión de Servicio Público de junio 30, 1925, que impone a los dueños de automóviles de servicio público como lo era el del demandado que le causó el daño, la prestación de una póliza de responsabilidad ''que responderá de la indemnización que se adjudique por el tribunal correspondiente a cualquier persona que sufra lesión, daño o perjuicio en su persona o intereses, o a sus herederos en caso de muerte, por virtud de cualquier accidente ocurrido y debido al uso descuidado, negligente o defectuoso del vehículo de motor utilizado como

porteador público, ya sea éste operado directamente por el concesionario o por cualquiera de sus agentes, empleados o subalternos," pero esa regla no es aplicable a este caso por haber comenzado a regir, según sus propios términos, después de ocurrido el accidente. Y aunque lo fuera no sería suficiente para sostener por sí sola la orden de embargo sin haberse demostrado que la póliza en efecto se prestó por la Aetna, que por sus cláusulas el demandado estaba autorizado para dirigirse directamente contra ella con la sola base de la sentencia dictada contra su asegurado y que se había dado su día en corte a la aseguradora citándosele en forma, circunstancias que no sólo no se probaron sino que no se alegaron debidamente.

*Debe revocarse la orden apelada.*

El Juez Asociado Señor Wolf firmó así: "Conforme, pero creyendo que existen razones más poderosas para revocar, en ausencia de las cuales probablemente estaría conforme con la opinión; todo lo cual espero expresar en opinión concurrente." [*]